COMMONWEALTH *vs.* ANDREW McARTHUR.

Suffolk.   November 24, 1890. — November 26, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & MORTON, JJ.

*Sale of Bread —" Loaf" — Evidence.*

At the trial of a complaint for the sale of bread in violation of the Pub. Sts. c. 60, §§ 3, 4, it appeared that the bread sold was a loaf weighing thirteen ounces, not composed chiefly of rye or maize. The presiding judge excluded evidence, offered by the defendant, to show that the loaf contained milk, butter, and sugar, and was made for and was fancy bread; and declined to rule, as requested by him, that, if it contained substantial parts of these three ingredients, then it was not bread the sale of which was regulated by the statute. *Held,* that the defendant had no ground of exception.

COMPLAINT for selling bread in violation of the Pub. Sts. c. 60, §§ 3, 4. At the trial in the Superior Court, before *Thompson,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*F. G. Holcombe,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

DEVENS, J.   The defendant was complained of, under §§ 3 and 4 of chapter 60 of the Public Statutes, for selling bread otherwise than in whole, half, three-quarter, or one-quarter loaves, it not being bread composed in chief part of rye or maize, and also for not having in the front window of his shop a legible price list of the different kinds and qualities of the loaves sold there. There was no card or other price list in his window, and the loaf sold by him, upon the sale of which the government relied, being weighed in the defendant's shop immediately after the sale, weighed thirteen ounces, and was not composed in chief part of rye or maize.

By § 7 of the same chapter, it is enacted that the sections cited above shall not apply to " rolls or to fancy bread weighing less than one quarter of a pound." At the trial, the defendant offered to show that bread was simply the meal of some grain moistened with water, fermented and baked, and that such bread did not contain milk, butter, and sugar; that bread containing milk, butter, and sugar was a fancy bread; and, further, that the loaf sold by him contained substantial parts of milk, butter, and

sugar, and that he made it for a fancy bread.  This evidence was properly rejected by the presiding judge, as, if believed, it did not meet the case made by the government, and was purely immaterial.

By § 3, the loaf of bread intended for sale should be two pounds in weight, and while the loaf sold was neither a whole, half, three-quarter, or one-quarter loaf, it was without dispute in weight more than one quarter of a pound.  It could not, therefore, come within the exception contained in § 7, as being "fancy bread weighing less than one quarter of a pound," which was the only exception which could have any application.  Not coming within this or any other exception in the statute, it was therefore bread the sale of which had been regulated by the Pub. Sts. c. 60, §§ 3, 4.  The ruling requested by the defendant, that if the article bought at the defendant's store contained substantial parts of milk, butter, and sugar, then it was not bread the sale of which was regulated by the Public Statutes, was properly refused, as it omitted the important qualification of its weight (as less than one quarter of a pound), which was necessary in order to take the sale of it out of the prohibitions of the statute.                            *Exceptions overruled.*