COMMONWEALTH *vs.* CHARLES F. CRANE.

Suffolk.   November 26, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Oleomargarine in Imitation of Butter — Sale in Violation of Statute.*

The St. 1891, c. 412, § 4, was not intended to draw fine distinctions between different kinds of oleomargarine, all of which would resemble butter; but it requires that every one who delivers oleomargarine, of whatever sort, from a vehicle upon the public streets, shall carry along with him upon his vehicle a public notice that he is licensed to sell oleomargarine.

COMPLAINT, under St. 1891, c. 412, § 4, to the East Boston District Court, for delivering from a certain vehicle, upon a public street in Boston, oleomargarine made in semblance of pure butter, and not having on both sides of said vehicle a placard in uncondensed Gothic letters not less than three inches in length, the words, " Licensed to sell oleomargarine."   At the trial in the Superior Court, before *Richardson,* J., the jury returned a verdict of guilty, and the defendant alleged exceptions, the nature of which sufficiently appears in the opinion.

*H. M. Ayars,* for the defendant.

*F. E. Hurd,* First Assistant District Attorney, for the Commonwealth.

ALLEN, J.   By St. 1891, c. 412, § 4, " Whoever peddles, sells, or delivers from any cart, wagon, or other vehicle, upon the public streets or ways, oleomargarine, butterine, or any substance made in imitation or semblance of pure butter, not having on both sides of said cart, wagon, or other vehicle the placard in uncondensed Gothic letters not less than three inches in length, ' Licensed to sell oleomargarine,' shall be punished," etc.   The defendant introduced evidence tending to show that there are two kinds of oleomargarine, one of which (being the kind which he admitted that he delivered from his wagon) is the article usually known by that name, looking like pure butter, and not easily distinguished therefrom except by experts ; and the other is oleomargarine dishonestly and designedly made in imitation of the best pure butter, for the purpose of being palmed off on the public as butter.   Upon this evidence, the defendant contended that the section of the statute above cited is applicable only to the second kind of oleomargarine.   But this is too narrow a construction of the statute.   Whoever delivers oleomargarine from a vehicle upon the public streets must have upon his vehicle the placard described.   This statute was not intended to draw fine distinctions between different kinds of oleomargarine, all of which would resemble butter ; but it requires that every one who thus delivers oleomargarine, of whatever sort, shall carry along with him upon his vehicle a public notice that he is licensed to sell oleomargarine ; in other words, that he shall go under his true colors.   See *Commonwealth* v. *Huntley*, 156 Mass. 236, 239.

*Exceptions overruled.*