COMMONWEALTH *vs.* CHARLES H. RUSSELL.

Suffolk.    December 6, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Statute — Oleomargarine colored to look like Butter.*

The St. 1891, c. 58, § 1, entitled " An Act to prevent deception in the manufac-
ture and sale of imitation butter," forbids the exposing for sale of oleomargarine
colored to look like butter, and it is immaterial whether the particular purchaser
was advised of its real character or not.

COMPLAINT to the Municipal Court of Boston, alleging that
the defendant did " expose for sale a certain quantity, to wit,
one pound, of a certain product commonly called oleomargarine,
made partly out of an oleaginous substance not produced from
unadulterated milk or cream from the same, and that said
product, so exposed as aforesaid, by reason of containing annotto
coloring matter, was then and there in imitation of yellow butter
produced from pure unadulterated milk or cream of the same."

The case was submitted to the Superior Court upon agreed
facts, which recited that the " substance was exposed for sale in
such manner as to advise the consumer of its real character, but
it was not free from coloration or ingredient causing it to look
like butter." The counsel for the defendant contended that,
inasmuch as the defendant exposed for sale oleomargarine in a
separate and distinct form, and in such manner as advised the
consumer of its real character, he had not violated the pro-
visions of St. 1891, c. 58, § 1, and that he was not bound to
have the oleomargarine " free from coloration or ingredient that
caused it to look like butter "; that he was only bound to do
one of two things, either to expose the substance in a separate
and distinct form, and in such manner as to advise the consumer
of its real character, or to have the substance free from color-
ation or ingredient that caused it to look like butter. *Hopkins,*
J., directed the jury to return a verdict of guilty, and reported
the case for the determination of this court. If the direction
was correct, the verdict was to stand; otherwise, a new trial
was to be ordered.

*S. L. Powers & R. A. Sears*, for the defendant.

*M. J. Sughrue*, Second Assistant District Attorney, for the Commonwealth.

HOLMES, J. The statute prohibits the manufacture or exposing for sale of any compound made out of any fat not produced from unadulterated milk or cream from the same, which shall be in imitation of yellow butter produced from pure unadulterated milk, etc. Then it goes on with a proviso that it does not prohibit the manufacture or sale of oleomargarine " in a separate and distinct form, and in such manner as will advise the consumer of its real character, free from coloration or ingredient that causes it to look like butter." St. 1891, c. 58, § 1. Argument cannot make plainer that the proviso only saves such oleomargarine as is free from coloration or ingredient that causes it to look like butter. The statute did not intend to allow oleomargarine to be made or sold when so colored, whether the particular purchaser was advised of its real character or not. It easily could be sold again to persons who were not advised of it. See *Commonwealth* v. *Huntley*, 156 Mass. 236, 239, 240. We understand that the construction of the statute is the only question intended to be presented.     *Verdict to stand.*