JAMES J. HARMON & another *vs.* POLICE COMMISSIONER OF BOSTON & others.

Suffolk.    November 10, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, & FIELD, JJ.

*Police.  Equity Jurisdiction,* To enjoin acts of police.

A court of equity will not interfere to enjoin acts of police officials in the enforcement of a criminal statute unless it appears that the statute is unconstitutional and interference by a court of equity is necessary to protect property rights.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 28, 1930, by James J. Harmon and David J. Breen, and described in the opinion.

The suit was referred to a master, and, on the filing of his report and of objections by the plaintiffs thereto, was heard by *Wait,* J., by whose order an interlocutory decree was entered overruling the exceptions and confirming the report, and who then reserved the suit for determination by this court.

*B. J. Killion,* for the plaintiffs.

*L. Schwartz,* Assistant Corporation Counsel, for the defendants.

CARROLL, J.    The plaintiffs are the owners as tenants in common of a building in Boston.    The street floor of

the premises has been vacant for more than a year prior to the filing of the bill. The second floor has been rented since October 1, 1929, to the Neptune Athletic Club. The defendants are Eugene C. Hultman, police commissioner of Boston, Michael H. Crowley, superintendent of police of that city, Jeremiah F. Gallivan, captain of division four of the police department, Thomas J. McTiernan, police sergeant attached to this division, and police officer Thomas G. Duggan. The plaintiffs asked that the defendants be restrained from entering " the plaintiffs' premises without due authority of law," and from instituting " groundless action against the plaintiffs for the purpose of wrongfully obtaining warrants with which to enter " the premises; that they be enjoined from damaging the building of the plaintiffs; that they be ordered to remove policemen from the premises and be restrained from further annoying the plaintiffs by having such patrolmen in and about the premises.

The master found that between January 6, 1930, and July 3, 1930, the police department obtained from the Municipal Court of the City of Boston thirty-six warrants for the purpose of searching the premises for liquor alleged to have been illegally kept thereon; that on thirty-four other occasions members of the police department entered without search warrants; that on none of these visits was liquor found. The returns on all the warrants were in substance, " the liquor has not been found." It was further found that Crowley acted in accordance with his duties as superintendent of police; that Hultman, while he had general information as to the conduct of the police department in attempting to stop the illegal sale of intoxicating liquor, had no specific knowledge concerning the premises in question; that Gallivan had been in charge of the precinct within which the premises were located since June 6, 1930; that on two or three occasions he visited the premises, and searched them under a search warrant on one occasion when accompanied by a photographer who took pictures of the interior of the place

against the objection of the plaintiffs; that McTiernan made several searches; that when he asked for admission, he proceeded to break down the door leading to the premises; that he " caused the doors to be removed," and on one occasion damaged a part of a wall settee. The master found there was no necessity for this. It was also found that in other respects, which it is unnecessary to set out in detail, McTiernan exceeded his authority. No finding was made against the police officer Duggan. The case is before us on a reservation by the presiding justice.

It is a general rule supported by the current of authorities that equity will not interfere to prevent the enforcement of a criminal statute unless it appears that the statute is unconstitutional and interference by a court of equity is necessary to protect property rights. *Hygrade Provision Co. Inc.* v. *Sherman,* 266 U. S. 497. That this is the law of our Commonwealth was decided in *Shuman* v. *Gilbert,* 229 Mass. 225, where the principle involved was discussed and the authorities bearing on the question considered.

Equity will not ordinarily interfere with the conduct of police officers in the performance of their public duties. They are obliged to aid in the prevention of crime. In the performance of this duty a large discretion belongs to them, with which a court of equity will not ordinarily interfere. This principle finds its application in many decided cases. In *Delaney* v. *Flood,* 183 N. Y. 323, the court refused to enjoin the police from stationing officers outside of a place suspected of being a disorderly house. In *Randolph* v. *Kensler,* 95 Kans. 32, the police had raided the premises of the plaintiff three times, twice without a warrant, and further raids were contemplated; the plaintiff contended that his place was a rooming house and that further raids would destroy his business. The court refused to act. In *Joyner* v. *Hammond,* 199 Iowa, 919, an injunction was refused. It there appeared that the police had several times searched the plaintiff's prem-

ises for evidence of illegal traffic in intoxicating liquor. The same result was reached in *Pon* v. *Wittman*, 147 Cal. 280, *Olympic Athletic Club* v. *Speer*, 29 Col. 158, *Ex parte State*, 200 Ala. 15, *Andrieux* v. *Butte*, 44 Mont. 557, *Gaither* v. *Cate*, 156 Md. 254, and *Pure Mint Co.* v. *LaBarre*, 96 N. J. Eq. 186.

If any of the plaintiffs' rights have been interfered with by the defendants as alleged in the plaintiffs' bill, the remedy for such interference cannot be obtained in equity.

A decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*