COMMONWEALTH *vs.* THE NATIONAL CITY COMPANY OF BOSTON.

Suffolk.   October 3, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Sale of Securities Act.   Constitutional Law,* Due process of law.

G. L. (Ter. Ed.) c. 110A is not unconstitutional in that §§ 5 and 3 (a) in combination are so vague and indefinite as to be violative of the due process of law clause of the Fourteenth Amendment to the Constitution of the United States and of art. 12 of the Declaration of Rights of the Constitution of the Commonwealth.   Following *Kneeland* v. *Emerton, ante,* 371.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on May 1, 1931, and described in the opinion.

Upon appeal to the Superior Court, the defendant waived a trial by jury and the complaint was heard by *Williams, J.,*

upon an agreed statement of facts. The defendant was found guilty and alleged exceptions.

*B. L. Young,* (*F. W. Crocker* with him,) for the defendant.

*F. T. Doyle,* Assistant District Attorney, (*P. R. Rowen,* Assistant District Attorney, with him,) for the Commonwealth.

RUGG, C.J. This is a complaint in several counts charging a corporation organized under the laws of this Commonwealth with violation of c. 110A, added to the General Laws by St. 1921, c. 499; see now G. L. (Ter. Ed.) c. 110A, § 5. Trial by jury being waived, the case was submitted on an agreed statement of facts, which showed that the defendant had violated the statute. The complaint is founded on statutory words, so far as here material and argued, which prohibit under penalty the sale of securities such as here were sold unless and until notice of intention to sell, and statements of specified information concerning the same have been filed with the commission (as defined in § 2 [a] of said c. 110A) excepting, however, from such prohibition, (§ 3 [a]) "Any isolated sale of any security by the owner thereof, or his representative, for the owner's account, such sale not being made in the course of repeated and successive transactions of a like character by such owner or on his account by such representative, and such owner or representative not being the underwriter of such securities."

It is admitted by the defendant that it made sales of securities in violation of the provisions of said c. 110A, § 5. The basic contention of the defendant is that the statute under which it was indicted and found guilty is unconstitutional in that said §§ 5 and 3 (a) in combination are so vague and indefinite as to present insoluble ambiguities and thus are violative of the due process of law provision of the Fourteenth Amendment to the Constitution of the United States and the rights guaranteed by art. 12 of the Declaration of Rights of the Constitution of this Commonwealth. The pertinent words of the latter are: "No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, de-

scribed to him; . . . And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land."

All the arguments put forward in behalf of the defendant have been examined with care and discussed in detail in *Kneeland* v. *Emerton, ante,* 371, where the constitutionality of the statute was assailed from the same angles of approach and was upheld. The circumstance that that was a civil action sounding in contract, while the case at bar is a criminal prosecution, affords no ground for a sound distinction in the application of constitutional principles to the facts of the present case. *A. B. Small Co.* v. *American Sugar Refining Co.* 267 U. S. 233, 238. *Cline* v. *Frink Dairy Co.* 274 U. S. 445, 463. Compare *Campbell* v. *New York,* 244 N. Y. 317, 326, 329. Art. 12 of the Declaration of Rights of the Constitution of this Commonwealth is at least as strong in guaranties of individual rights as is the Fourteenth Amendment to the Federal Constitution. The validity of the statute here assailed is supported by the principle and scope of the decisions in *Commonwealth* v. *Pentz,* 247 Mass. 500, and *Commonwealth* v. *Reilly,* 248 Mass. 1. Those two cases arose with respect to criminal prosecutions. The statutes there attacked approached quite as nearly the bound of vulnerability on the ground of vagueness and ambiguity as does said c. 110A. Those decisions are reviewed in *Kneeland* v. *Emerton, ante,* 371, and their scope need not be stated again. They sustained the validity of the statutes then questioned. We are of opinion that all that has been said and decided in *Kneeland* v. *Emerton, ante,* touching the constitutionality of the statute is equally pertinent to the case at bar and is controlling. On the authority of that decision, the entry must be

<div align="right">

*Exceptions overruled.*