MORRIS M. GIVENS v. TAMPA BAR ASSOCIATION, *et al.*

169 So. 744.

Division. B.

Opinion Filed September 21, 1936.

*Morris M. Givens*, for Appellant;

*William E. Thompson, Hugh L. McArthur, Joseph P. Lieb, B. L. Cooper, L. A. Grayson, Milton L. Yeats* and *J. Rex Farrior, State Attorney*, for Appellees.

BUFORD, J.—Mr. Morris M. Givens, as a lawyer, filed a suit in chancery in the Circuit Court of Hillsborough County praying as follows:

"1.   That he be, under an order of this Court, authorized and permitted to ADVERTISE with the local, state, national and foreign press, periodicals, Radio Chains and 'what have you' whatsoever virtue in legal lore, learning and facility petitioner may possess.

"2.   That the said Tampa and Hillsborough Bar Associations as aforesaid, their officers, committees and members be forever enjoined and restrained from preferring against petitioner or any other lawyer similarly situated, any charge or charges for disbarment on the ground of 'ADVERTISING.' "

"3.   That J. Rex Farrior as State's Attorney of the 13th Judicial Circuit of Florida and each and every his successors in office be forever enjoined and restrained from moving the disbarment of petitioner or any other lawyer similarly situated on the charge of 'ADVERTISING.' "

In his petition he alleges that Canon No. 37 of the Ameri-

can Bar Association, being a canon of legal ethics, has been adopted by the Tampa and Hillsborough County Bar Associations and that such canon prevents and prohibits a lawyer advertising his "ability, agility, proficiency, tenacity and his erudition in the law and/or in any of its several branches or departments." He also avers that the provisions of Chapter 16975, Laws of Florida, 1935, make it the duty of a lawyer engaged in the procuring of divorces to advertise his ability, facilities, etc., to procure decree of divorce. He avers that the Hillsborough County Bar Association and the officers named are about to institute disbarment proceedings against him for the violation of Canon No. 27 of legal ethics and will do so unless enjoined.

The respondents filed motion to dismiss, the first ground being that the bill is without equity. The other grounds of the motion to dismiss attack the validity of Chapter 16976, *supra*. The court dismissed the bill on the ground that there was no equity in the bill. .

It appears to us that the appellant and the appellees have all misconstrued the scope and effect of Chapter 16976, *supra*. The provisions of that chapter simply prohibit "any person, firm or association engaged in the practice of law or otherwise to publish in any newspaper, or upon any bill board, sign board or other public place any notice or advertisement to the effect that divorces could be procured by such person, firm or association, unless and until the person, firm or association so publishing said advertisement or notice shall sign in full his name, or the name of one or more members of the firm publishing such advertisement and unless and until he or they so publishing said advertisement or notice be duly licensed members of the Bar authorized to practice in the Circuit Courts of the State of Florida."

It does not purport either to authorize or require members of the Bar to advertise their ability or facilities to pro-

cure divorces or to publish any advertisement or notice in connection with such matter, but specifically eliminates from the operation of the Act licensed members of the Bar authorized to practice law in the Circuit Courts of the State of Florida who may sign such advertisements or notices.

It is evident that the Legislature recognized the inherent right of the courts to control the conduct of members of the Bar in regard to such matters and by the provisions of this Act the Legislature has not attempted to usurp the power of the courts, but, as we construe the Act, has recognized the power of the courts to regulate the professional conduct of the members of the Bar. At the same time the Legislature has, by the provisions of this Act, sought to protect the courts and members of the Bar from the imposition of those who might attempt without authority to practice that branch of the law pertaining to divorces in the courts of this State.

Having so construed the statute involved, and finding no statutory authority, or attempted authority, whereby the petitioner is authorized or required to violate the Canons of Legal Ethics, and as the record discloses no legal basis for the granting of an injunction as prayed, we find no equity in the bill of complaint and affirm the order dismissing the same.

So ordered.

Ellis, P. J., and Terrell, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.