TREASURER AND RECEIVER GENERAL *vs.* TREMONT STORAGE WAREHOUSE, INC., & another.

Suffolk. February 1, 1937. — February 23, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Warehouseman. Lien.*

A finding that a warehouseman's bond, given under G. L. (Ter. Ed.) c. 105, § 3, was broken by reason of his failure to deliver upon demand goods upon which he had a lien under G. L. (Ter. Ed.) c. 239, § 4, was not warranted where there was no evidence that the claimant tendered reasonable storage charges to the warehouseman or believed that a tender would be useless.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 13, 1936.

The action was heard by *Donovan,* J., who found for the plaintiff. Upon report to the Appellate Division, the finding was ordered vacated and judgment was ordered entered for the defendants. The plaintiff appealed.

*B. Ginsburg,* for the plaintiff.

*H. Finn,* for the defendants.

PIERCE, J. This is an action of contract brought by Chin Loy, in the name of the Treasurer and Receiver General of the Commonwealth, under the provisions of G. L. (Ter. Ed.) c. 105, § 3, against the Tremont Storage Warehouse, Inc., a licensed public warehouse, as principal, and the American Surety Company as surety, on a warehouse bond dated August 13, 1925. A copy of this bond appears in the report.

The case was heard in the Municipal Court of the City of Boston. The defendants offered no evidence. At the close of the plaintiff's evidence and before final arguments the

defendants filed with the court the following motion: "Upon all the law and evidence, the plaintiff cannot recover and there must be a finding for the defendants upon the following grounds: (1) There has been no tender by the plaintiff of the defendant warehouseman's charges. (2) The defendant, Tremont Storage Warehouse, Inc., did not prior to the commencement of this action, have a reasonable time to ascertain the validity of the plaintiff's claim. (3) The plaintiff has not sustained the allegations of the declaration and has not produced warehouseman's receipt." The motion was denied and the judge found for the plaintiff in the sum of $200. As the defendants claimed to be aggrieved by the denial of· said motion, the judge reported the same to the Appellate Division, with all the evidence material to the question reported. The Appellate Division, after due hearing, ordered the clerk to make the following entry: "Finding for the plaintiff vacated; judgment for the defendants." The case comes before this court on the appeal of the plaintiff from that order.

The evidence reported to the Appellate Division warranted a finding that the machinery and fixtures described in the plaintiff's declaration were the property of Chin Loy, the real plaintiff in the action; that Chin Loy had left them for free storage with one Joseph C. Harrington; that he had never relinquished or transferred his ownership of the same; that the fair market value on the day he demanded return thereof was $200; that by virtue of an execution in a proceeding of summary process against said Harrington, the articles described in the declaration, with goods of said Harrington, were removed by one Canner, a mover, acting on instructions of one Martin, a constable of the city of Boston; that "on or about" March 11, 1936, said described articles were deposited in the name of Joseph C. Harrington in the warehouse of the defendant Tremont Storage Warehouse, Inc., and a usual warehouse receipt was issued to Joseph C. Harrington; that on March 11, 1936, the said machinery and fixtures, then in the possession of the Tremont Storage Warehouse, Inc., were attached by virtue of a trustee writ issued out of the Municipal Court of the City

of Boston, dated March 11, 1936; that in this writ Alice E. Spencer was plaintiff, Joseph C. Harrington was defendant, and the Tremont Storage Warehouse, Inc., was named as trustee; that the writ was returnable to said court on April 4, 1936; that on said April 4 the defendant Tremont Storage Warehouse, Inc., received a letter from the attorney for Chin Loy demanding a return of articles which correspond in description to the articles named in the plaintiff's declaration in the present action; that on April 6, 1936, the attorney for Chin Loy received a letter from the Tremont Storage Warehouse, Inc., which reads: "We acknowledge receipt from you of a letter dated April 4, 1936, demanding return of some laundry equipment. We have several laundries in storage at our warehouse, entered in names which do not appear in your letter. We shall appreciate receipt of additional information in this matter"; that on April 7, 1936, the attorney for the plaintiff in the trustee writ released the Tremont Storage Warehouse, Inc., as trustee "as to certain portions of said machinery and fixtures on deposit with said Tremont Storage Warehouse, Inc., in the name of Joseph C. Harrington," and the list of said portions of machinery and fixtures corresponds with the list of articles referred to in the present plaintiff's declaration; that within a few days after the Tremont Storage Warehouse, Inc., received said property for storage purposes, it entered upon its books a charge of $175 for storage and care of said property; that the Tremont Storage Warehouse, Inc., was unable to state what portion of said charge of $175 was applicable to property claimed by Chin Loy; that the charge of $175 was made at the rate of $50 per month; and that $25 of said sum was a charge for labor.

The Tremont Storage Warehouse, Inc., as trustee, answered that at the time of the service of the trustee writ upon it, it had in its hands and possession goods and effects of said Joseph C. Harrington, subject to its claim for storage and other charges amounting to $175.

It is to be noted that the report contains no evidence, or offer of evidence, that Chin Loy ever asked the Tremont Storage Warehouse, Inc., whether it claimed a lien on the

articles, or that he sought in any way to have the amount of this lien, if it claimed such, determined, or that he ever offered to pay the defendant warehouseman the amount due or claimed to be due for storage. On the facts warranted by the evidence, the defendant warehouseman had a lien for storage and expense of removing, under G. L. (Ter. Ed.) c. 239, § 4, which reads: "If an officer, serving an execution issued on a judgment for the plaintiff for possession of land or tenements, removes personal property, belonging to a person other than the plaintiff, from the land or tenements and places it upon the sidewalk, street or way on which the land or tenements abut, he may forthwith, and before the expiration of the time limited in any ordinance or by-law for the removal of obstructions in the street, remove such property and cause it to be stored for the benefit of the owners thereof. Whoever accepts the same on storage from such officer shall have a lien thereon for reasonable storage fees and for reasonable expenses of removing it to the place of storage, but such lien shall not be enforced by sale of the property until it has been kept on storage for at least six months. If the owner of such property is present and claims it when it is so removed from the land or tenements, the officer shall not remove and store it, and his act of placing it upon the sidewalk or street shall be deemed the act of the owner, who alone shall be held to answer therefor."

To maintain this action, or an action of conversion, against the warehouseman it was necessary for the plaintiff to prove a tender of the amount of the warehouse charges and that the warehouseman was given a reasonable time to ascertain the validity of the plaintiff's claim. Here Chin Loy failed to make a tender of reasonable charges for storage when the demand for release of the articles described in the declaration was made or at any later time, and there is no evidence in the report to warrant a finding that he was then, or at any time, ready, willing and able to do so. *Brown* v. *Davis*, 138 Mass. 458. There is no evidence in the report to warrant a finding that he ever inquired about the amount of the possible storage charges,

or that he believed that a tender would be useless.   He was still bound to tender or offer to pay a reasonable charge. *Fowler* v. *Parsons*, 143 Mass. 401, 405.

The rulings requested by the defendants, though entitled a "motion," were in fact rulings since they were predicated upon the law and evidence.

The order of the Appellate Division directing that judgment be entered for the defendants is

*Affirmed.*