COMMONWEALTH *vs.* FRED P. BROWN.

Suffolk.     October 3, 1938. — April 10, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Dentist. Advertising. Constitutional Law,* Police power, Advertising, Regulation of the practice of dentistry, Unconstitutionality of separable portion of statute. *Practice, Criminal,* Exceptions: whether error harmful, general exception; Sentence.

Whether the evidence was sufficient to support two of the five counts in an indictment, on all of which the defendant was convicted, was immaterial on an exception to the refusal of a ruling that there should be a finding of "not guilty on all counts," where there was evidence supporting three of the counts and the sentence was a fine of $1 on the indictment generally.

The constitutionality of particular statutory provisions involved in an indictment was considered without reference to whether other, independent provisions were constitutional or whether the provisions in question would be constitutional as applied to persons other than the defendant.

The provisions of § 52A, inserted in G. L. (Ter. Ed.) c. 112 by St. 1937, c. 253, prohibiting registered dentists' seeking patronage by advertising are constitutional.

INDICTMENT, found and returned on April 21, 1938.

The defendant was found guilty by *Fosdick,* J., and alleged exceptions.

*F. L. Simpson, (F. W. Solomon* with him,) for the defendant.

*E. O. Proctor,* Assistant Attorney General, for the Commonwealth.

*S. Silverman,* by leave of court, submitted a brief as *amicus curiae.*

LUMMUS, J.   The defendant, a registered dentist, was indicted in five counts for violations of G. L. (Ter. Ed.) c. 112, § 52A, inserted by St. 1937, c. 253.   The counts allege that he was a registered dentist, and allege that he did (first count) "include, permit and cause to be included in a letter of advertisement certain written words and state-

ments of a character tending to deceive and mislead the public"; (second count) "include, permit and cause to be included in a letter of advertisement certain words and statements claiming the performance of painless operations of a dental and oral surgical nature"; (third count) "include, permit and cause to be included in a letter of advertisement certain written words and statements tending to solicit patronage for his business, services, advice and products"; (fourth count) "include, permit and cause to be included in a letter of advertisement certain written words and statements advertising to use a system of anaesthetics without truly and accurately naming the same"; (fifth count) "include, permit and cause to be included in a letter of advertisement certain written words and statements setting forth offers, inducements, representations and statements of a character tending to influence, persuade and induce persons to seek, employ and patronize his business, services, advice and products." The defendant, waiving trial by jury, was found guilty upon each count, and was fined one dollar upon the indictment generally. His exceptions bring the case here.

All the counts are based upon a letter mailed by the defendant to one O'Leary, and received by him. Its text is shown in a footnote.* The exceptions raise the questions (1) whether the letter contained evidence supporting the conviction, and (2) whether the statute conflicts with either the State or the Federal constitution.

---

* Dr. Fred P. Brown   Dentist   53 Center Street No. Easton, Mass.   March 30, 1938.   Mr. Jerome O'Leary   33 Alicia Road, Dorchester, Massachusetts. Dear Mr. O'Leary: After being out of active practice locally for some little time, I am writing you to say that I have resumed practice at the above address and am prepared to render dental service of the customary character. I am suggesting to you and other friends the advisability of a check-up and examination of your teeth and am prepared with you to extend reasonable terms of credit to you, if desired.   There is much in modern dentistry that can be done painlessly.   New systems of anaesthetics have come to be used with the exact nature of which I am not familiar but which have been used successfully and satisfactorily.   I have such a system available to my use and I feel sure that many of the former experiences may no longer be feared. I have also prepared a dental mouth wash which I am hoping to be able to market.   I should like to have you try some of it.   It is fairly inexpensive and I am hopeful that it will be found to be so satisfactory that you will be inclined to substitute it for the preparation you are now using.   Hoping that I may be favored with your patronage, I am,   Very truly yours   [signed] Dr. Fred P. Brown

The several counts appear to be based upon prohibitions contained in the statute. It is not clear that the letter would warrant conviction on the first two counts, but it warranted conviction on the last three counts. The question of the sufficiency of the evidence as to the first two counts is unimportant for two reasons. First, the defendant has limited his so called "motion for directed finding," which in his favor we treat as a request for a ruling (*Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91; *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 500–501; *Treasurer & Receiver General* v. *Tremont Storage Warehouse, Inc.* 296 Mass. 531; *Johnson* v. *Warner Bros. Circuit Management Corp.* 301 Mass. 348), to the point that there should have been a "finding of not guilty on all counts," and has not asked rulings as to the sufficiency of the evidence to support each count by itself. *Carere* v. *F. W. Woolworth Co.* 259 Mass. 238, 240. *Taxi Service Co.* v. *Gulf Refining Co.* 252 Mass. 314, 319. *Tourtellotte* v. *Saulnier*, 267 Mass. 361, 364. *Clark-Rice Corp.* v. *Waltham Bleachery & Dye Works*, 267 Mass. 402, 415. *Sylvia* v. *New York, New Haven & Hartford Railroad*, 296 Mass. 157, 160–161. Secondly, the sentence imposed was supported by at least three counts, and it is immaterial whether there was no finding upon the others or a finding upon them that was not justified by the evidence, for no further sentence can ever be imposed upon any count of the indictment. *Jennings* v. *Commonwealth*, 17 Pick. 80, 83. *Josslyn* v. *Commonwealth*, 6 Met. 236, 240. *Carlton* v. *Commonwealth*, 5 Met. 532. *Booth* v. *Commonwealth*, 5 Met. 535. *Crowley* v. *Commonwealth*, 11 Met. 575. *Commonwealth* v. *Foster*, 122 Mass. 317, 322. *Harding* v. *Commonwealth*, 283 Mass. 369. *Claassen* v. *United States*, 142 U. S. 140. *Selvester* v. *United States*, 170 U. S. 262. The smallness of the sentence takes the case out of the rule applied in *Commonwealth* v. *Hull*, 296 Mass. 327, 337–338.

The provisions of the statute are obviously intended to prohibit advertising of professional service and its incidents. They are not to be construed so literally as to prohibit advertising by a professional man of some commercial business

not connected with his profession. *Matter of Thibodeau,* 295 Mass. 374. If the statute is unconstitutional as to dental hygienists, or as to some of the acts prohibited, as the defendant contends, we cannot think that the Legislature intended all its provisions to fail if some should fail. There is no dependence of some provisions upon others. *Commonwealth* v. *Kimball,* 299 Mass. 353, 360, and cases cited. Compare *Carter* v. *Carter Coal Co.* 298 U. S. 238, 312 *et seq.,* 321 *et seq.,* 336 *et seq.* The unconstitutionality of a particular provision in a statute otherwise valid, can be raised only by a person whose rights are impaired by it. *Horton* v. *Attorney General,* 269 Mass. 503, 513–514. *Broadhurst* v. *Fall River,* 278 Mass. 167, 170. We consider, therefore, only the constitutional validity of the prohibitions upon which the five counts of the indictment are based. The defendant has pointed out some extreme, and, according to his contention, absurd, consequences of a literal construction of the statute. We do not discuss them, because so far as they cannot be avoided by legitimate construction we think they do not impair the constitutional validity of the statute. The prohibitions upon which the five counts are based appear to us sufficiently clear and certain for enforcement by criminal proceedings. *Commonwealth* v. *Pentz,* 247 Mass. 500. *Commonwealth* v. *National City Co. of Boston,* 280 Mass. 439. *Kneeland* v. *Emerton,* 280 Mass. 371, 383 *et seq.*

The essence of the statute, so far as relates to the five counts, is that "no registered dentist, person practicing dentistry or dental hygienist" shall "include, or permit or cause to be included," in any manner of advertising, "any written or spoken words or statements of a character tending to deceive or mislead the public," or "claiming . . . the performance of painless operations of a dental or oral surgical nature," or "tending to solicit patronage for his business, services, advice or products," or "advertising to use any system of anaesthetics without truly and accurately naming the same"; neither shall he "make or set forth any promises, guarantees, offers, inducements, representations, statements or rewards of a character tending to

influence, persuade or induce persons to seek, employ or patronize his business, service, advice or products"; with certain qualifications permitting acts that apparently would be prohibited by the general language quoted.  In short, the statute purports to deny to a registered dentist, such as the defendant, not merely the use of dishonest or deceptive advertising, but also the right to seek patronage through advertising, in modes deemed harmless and rightful when employed in commercial business.  The only question is, whether such a denial offends either the State or the Federal Constitution.

The Legislature doubtless may regulate advertising even in commercial business, when the public interest requires. *Commonwealth* v. *Libbey*, 216 Mass. 356.  *Packer Corp.* v. *Utah*, 285 U. S. 105.  *Nebbia* v. *New York*, 291 U. S. 502. *Pacific States Box & Basket Co.* v. *White*, 296 U. S. 176.  *Old Dearborn Distributing Co.* v. *Seagram-Distillers Corp.* 299 U. S. 183.  *National Fertilizer Association, Inc.* v. *Bradley*, 301 U. S. 178.  In the professions, the right to restrict advertising is broad and clear.  Dentistry is undoubtedly a learned profession.  *Graves* v. *Minnesota*, 272 U. S. 425.  Learned professions "are characterized by the need of unusual learning, the existence of confidential relations, the adherence to a standard of ethics higher than that of the market place, and in a profession like that of medicine by intimate and delicate personal ministration. Traditionally, the learned professions were theology, law and medicine; but some other occupations have climbed, and still others may climb, to the professional plane.  *United States* v. *Laws*, 163 U. S. 258.  Dentistry, a branch of medicine, has done so within modern times." *McMurdo* v. *Getter*, 298 Mass. 363, 367.

The granting of a license to practise a profession, signifies only attainments warranting entrance into professional life. With some, admission to practice is only the beginning of a lifetime of study, self-improvement, and advance in knowledge and skill.  With some others, it marks the end of systematic study and of substantial progress in professional competence.  The Commonwealth has an interest in

attracting to the learned professions men of ability, capable of adorning them, and in enabling such men to survive in competition with others.  It has an interest in spreading as widely as possible among its citizens the benefit of the professional services of the most competent practitioners as distinguished from those who barely possess the minimum qualifications for beginning practice at all.  It has an interest in leaving its professional men free to improve their professional qualifications, without the necessity of devoting time and effort to the competitive pursuit of clients or patients.  It has an interest, too, in freeing its citizens from the pressure of salesmanship in the formation of confidential professional relations.

The Legislature might find, and apparently did find in the case of dentists, that these public interests would be injuriously affected by free competition among practitioners without restraint as to methods.  The Legislature might consider that in general practitioners of high character, deep learning and great skill are more conscious of vast areas of knowledge not yet explored than of the narrow fields in which they may have attained mastery; that they are restrained in speech, and careful that promise never outruns performance; and that as a class they either are incapable of advancing themselves by brazen self-laudation, or scorn resort to that means.  The Legislature might conclude from human experience that practitioners of scant competence, like charlatans and demagogues, are likely to make up for want of genuine merit by an expert knowledge of mass psychology and great skill in appealing to the hopes and emotions of the uninformed and credulous.  Advertising practitioners, as fast as discovery of their comparative incompetence causes the loss of clients or patients, for a long time can obtain new ones through skilful publicity.  It may be that even with complete freedom in advertising, practitioners of unusual competence ultimately would succeed and others ultimately would reach the level of their merits; but in the meantime thousands if not millions of citizens might receive inferior service in the belief, induced by skilful advertising, that it was superior.  Under the

traditional method of professional advancement through the recommendation of satisfied clients or patients, progress may be slower, but it bears more relation to merit. The Legislature, taking the view which has been expressed, might conclude that the regulations made were necessary for the protection of public interests.

The restriction and even the prohibition of advertising by members of the learned professions constitute a lawful exercise of the police power, and not, as has been contended, a violation of constitutional provisions protecting liberty and property, or discriminatory legislation. *Matter of Cohen,* 261 Mass. 484. *McMurdo* v. *Getter,* 298 Mass. 363. *Semler* v. *Oregon State Board of Dental Examiners,* 294 U. S. 608. *Thompson* v. *Van Lear,* 77 Ark. 506. *State Medical Board of the Arkansas Medical Society* v. *McCrary,* 95 Ark. 511. *Green* v. *Blanchard,* 138 Ark. 137. *Givens* v. *Tampa Bar Association,* 125 Fla. 294. *Winberry* v. *Hallihan,* 361 Ill. 121. *People* v. *Dubin,* 367 Ill. 229. *Craven* v. *Bierring,* 222 Iowa, 613. *Warnshuis* v. *State Board of Registration in Medicine,* 285 Mich. 699. *Gullings* v. *State Board of Dental Examiners,* 200 Minn. 115. *Levine* v. *State Board of Registration & Examination in Dentistry,* 121 N. J. L. 193. *Sherman* v. *State Board of Dental Examiners,* 116 S. W. (2d) 843 (Texas Civ. App.). *Goe* v. *Gifford,* 168 Va. 497. *Laughney* v. *Maybury,* 145 Wash. 146. *Modern System Dentists, Inc.* v. *State Board of Dental Examiners,* 216 Wis. 190.

*Exceptions overruled.*