SAMUEL SLOME *vs.* CHIEF OF POLICE OF FITCHBURG.

Worcester.   September 28, 1938. — October 26, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Constitutional Law*, Police power, Due process of law, Equal protection of the law. *Sign. Gasoline.*

Section 295C, added to G. L. (Ter. Ed.) c. 94 by St. 1938, c. 411, was a reasonable exercise of the police power and was constitutional.

BILL IN EQUITY, filed in the Superior Court on June 27, 1938.

The case was reported by *Brogna*, J.

*S. M. Salny*, for the plaintiff.

*E. H. Dudley*, City Solicitor, for the defendant.

RONAN, J.   The plaintiff owns and operates a filling station, in Fitchburg, for the sale of gasoline and motor oil for automobiles, and is a retail dealer in motor fuel within the provisions of St. 1938, c. 411, which amended G. L. (Ter. Ed.) c. 94, by inserting therein §§ 295B and 295C. See now St. 1939, c. 459, § 1. The bill alleges that the plaintiff, in the conduct of his business, maintains signs advertising prices of motor fuel that do not comply with the last mentioned section;* that the defendant, the chief of police of Fitch-

---

\* It is stated in the "case stated" that the plaintiff's signs and advertising devices were displayed on various portions of his premises "other than on the pumps or dispensing equipment" and were "of sizes larger than eight inches by ten inches." — REPORTER.

burg, intends to enforce the provisions of § 295C and that, if he does so, irreparable damage will result to the business. The bill prays for an injunction and that the section in question be declared to be unconstitutional. The case was submitted to the Superior Court upon a case stated and the judge, without making any decision, reported the suit to this court for such decree as law and justice might require.

A court of equity, ordinarily, has no jurisdiction over the prevention or prosecution of crimes or the administration of the criminal law. *Shuman* v. *Gilbert,* 229 Mass. 225. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269. *Harmon* v. *Police Commissioner of Boston,* 274 Mass. 56. There is, however, a well recognized exception to this rule, and equity will enjoin a public officer from enforcing an unconstitutional statute in order to protect property rights against wrongs not otherwise plainly and adequately remediable. *Moneyweight Scale Co.* v. *McBride,* 199 Mass. 503. *Greene* v. *Mayor of Fitchburg,* 219 Mass. 121. *Borggaard* v. *Department of Public Works,* 298 Mass. 417. The bill alleges and the facts show that the removal of such of the present signs as are not permitted by § 295C will cause serious and substantial damage to the plaintiff's business. *Commonwealth* v. *Norman,* 249 Mass. 123, 131. *Davis* v. *Board of Registration in Medicine,* 251 Mass. 283, 284. *New York, New Haven & Hartford Railroad* v. *Deister,* 253 Mass. 178.

The single question for decision is the validity of the statute. Section 295C reads as follows: "Every retail dealer of motor fuel shall conspicuously mark his pumps or other dispensing equipment with the price of the motor fuel dispensed from that pump or dispensing equipment. No person shall mark his pumps or dispensing equipment with price signs of a size larger than eight inches by ten inches, and no other price signs of motor fuel so dispensed or signs relating to the price of such fuel shall be used or displayed on or about the premises where motor fuel is sold at retail other than the signs provided herein to be posted upon the pumps or dispensing equipment. All figures, including fractions, upon said signs, other than figures and fractions used

in any price computing mechanism constituting a part of any such pump or dispensing equipment herein referred to, shall be of the same size.   Whoever, himself or by his agents or servants, violates any provision of this section shall be punished by a fine of not less than fifty nor more than five hundred dollars.''   This statute deals only with signs designating the price of motor fuel.   It does not establish prices or impair the freedom of the owner to determine the selling prices of his goods.   It in no way limits the proprietor of a filling station in using or displaying, upon any portion of the premises, signs of such dimensions as he may deem convenient, with lettering of such size as he may consider advantageous, advertising every article, including motor fuel, that he has for sale; and in every instance, with the single exception of motor fuel, he may set forth upon such signs the prices of the various articles.   His right as to the location and size of the price signs for motor fuel is all that is restricted.   He must conspicuously mark his pumps or dispensing equipment with the price of the motor fuel sold from such pumps or equipment.   This is not a case where a dealer is prohibited from advertising the price of a commodity which he sells, but, on the contrary, is one where he is required to display the price upon the mechanical device through which the goods are delivered to the customer.   It is apparent from a reading of the statute that its design was to prevent fraud in the retail sale of gasoline.   Judicial inquiry does not extend to the expediency, wisdom or necessity of the legislative judgment for that is a function that rests entirely with the law-making department.   It is only when a legislative finding cannot be supported upon any rational basis of fact that can be reasonably conceived to sustain it that a court is empowered to strike down the enactment.   We cannot say that the instant statute is entirely lacking in such support.   *Perkins* v. *Westwood,* 226 Mass. 268, 271.   *Lowell Co-operative Bank* v. *Co-operative Central Bank,* 287 Mass. 338, 343.   *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275, 284.   *Standard Oil Co.* v. *Marysville,* 279 U. S. 582, 584.   *Cincinnati Soap Co.* v. *United States,* 301 U. S. 308.   *New*

*York Rapid Transit Corp.* v. *New York,* 303 U. S. 573, 578.

The plaintiff contends that the statute is violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States. The Legislature did not prohibit the plaintiff from advertising the price of motor fuel. He is permitted to use a price sign not larger than eight by ten inches, which is to be posted upon the pumps. He may utilize the entire height and width of such a sign in designating the price. It cannot be said, in view of the location of the pumps, many of which are placed either upon the outer curb of sidewalks or a short distance inside the property line, that such signs have no advertising value or are not sufficient to inform passing motorists of the plaintiff's prices. They may become more potent in attracting purchasers when the uniform position required by the statute apprises the public of their accustomed location. In any event, the restriction upon the display of such signs is not shown to be greater than is required for the adequate protection of the public. It places no unnecessary burden upon the business. It is a reasonable exaction, considered in the light of the nature and extent of the existing evil, the absence of any other available or effective remedy, and the general purpose and main object to be accomplished. The enforcement of the statute does not deprive the plaintiff of his property without due process of law. The regulation of sales to protect the buyer from fraud is an adequate ground for the exercise of the police power. *Commonwealth* v. *McArthur,* 152 Mass. 522. *Commonwealth* v. *Crowell,* 156 Mass. 215. *John P. Squire & Co.* v. *Tellier,* 185 Mass. 18. *Commonwealth* v. *Strauss,* 191 Mass. 545. *Opinion of the Justices,* 211 Mass. 620. *Kneeland* v. *Emerton,* 280 Mass. 371. *Commonwealth* v. *National City Co. of Boston,* 280 Mass. 439. *Lemieux* v. *Young,* 211 U. S. 489. *Schmidinger* v. *Chicago,* 226 U. S. 578. *Armour & Co.* v. *North Dakota,* 240 U. S. 510. *Advance-Rumely Thresher Co. Inc.* v. *Jackson,* 287 U. S. 283. *P. F. Petersen Baking Co.* v. *Bryan,* 290 U. S. 570. *Pacific States Box & Basket Co.* v. *White,* 296 U. S. 176. Advertisements may be regulated and

restricted, and tags or labels may be required to be attached to goods and to disclose certain information as to their ingredients. *Commonwealth* v. *Crane,* 162 Mass. 506. *Commonwealth* v. *Libbey,* 216 Mass. 356. *Commonwealth* v. *Reilly,* 248 Mass. 1. *Commonwealth* v. *Brown,* 302 Mass. 523. *Corn Products Refining Co.* v. *Eddy,* 249 U. S. 427. *Packer Corp.* v. *Utah,* 285 U. S. 105. *Semler* v. *Oregon State Board of Dental Examiners,* 294 U. S. 608. *National Fertilizer Association Inc.* v. *Bradley,* 301 U. S. 178.

The means provided by the statute for the realization of its aim is exhibition of the price exclusively upon the pumps and dispensing equipment. There is a rational connection between the means employed and the end sought. In sustaining the validity of a State statute, which required a railroad company annually to establish its rates and to post in its station a schedule of its rates, it was said on page 567 in *Railroad* v. *Fuller,* 17 Wall. 560: "It is only required that the rates shall be fixed, made public, and honestly adhered to. In this there is nothing unreasonable or onerous. The public welfare is promoted without wrong or injury to the company. The statute was doubtless deemed to be called for by the interests of the community to be affected by it, and it rests upon a solid foundation of reason and justice." The opinion rendered in *Commonwealth* v. *Riley,* 210 Mass. 387, is pertinent. The statute there involved, St. 1909, c. 514, § 48, now G. L. (Ter. Ed.) c. 149, § 56, limited the hours of employment of women and minors in industry, and provided that a notice should be posted in a conspicuous place in every room in which such persons worked showing their hours of employment. Their employment at any hours different from those specified upon the notice constituted a misdemeanor. The judgment of this court was affirmed in *Riley* v. *Massachusetts,* 232 U. S. 671. In answer to the contention that the provision requiring the posting of a notice of the hours of employment was arbitrary and unreasonable, it was pointed out in the course of the opinion, at page 680, that "it is also competent for the State to provide administrative means against evasion of the restric-

tion." There is as much logic and reason in believing that a price sign conspicuously displayed at the time and place of sale will prevent the charging of another and different price for the goods sold as in believing that the posting in a conspicuous place of the hours of employment of women and children will prevent them from being required to labor in excess of the number of hours prescribed by law. The Legislature has a broad discretion in the selection of the means to be used in the exercise of an admitted power. The means here involved were appropriate for the attainment of the statutory aim. *Commonwealth* v. *Beaulieu,* 213 Mass. 138. *Opinion of the Justices,* 251 Mass. 569. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145.

We find nothing in the agreed statement of facts upon which the plaintiff can base his contention that the statute deprives him of equal protection of the laws. There is nothing savoring of discrimination or arbitrary action. All persons engaged in the retail sale of motor fuel are affected alike in the uniform enforcement of the statute. No reason has been advanced, and we can find none in the facts, that would warrant the slightest intimation that the Legislature was acting unreasonably or capriciously in classifying retail dealers in motor fuel as a single group. Every reasonable presumption is to be made in favor of the validity of an act of the Legislature, *Perkins* v. *Westwood,* 226 Mass. 268; *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275, and the plaintiff has not sustained the burden, as the agreed facts show "affirmatively that there is adequate support for the legislative judgment." *South Carolina State Highway Department* v. *Barnwell Brothers, Inc.* 303 U. S. 177, 192. *Clark* v. *Paul Gray, Inc.* 306 U. S. 583.

While it appears from the agreed statement of facts that the plaintiff's signs do not interfere with the safety of travel, that they are not located at places of natural scenic beauty, and that they are not "misleading with reference to either the price or quality of the 'motor fuel' sold" by him, yet such facts are not controlling. It is immaterial whether the maintenance of these signs is subject to other provisions

of law. *Attorney General* v. *J. P. Cox Advertising Agency, Inc.* 298 Mass. 383. If they are, that does not prevent the operation of another statute dealing with a different aspect of the same general matter and designed to effect a different purpose. *Commonwealth* v. *Fenton*, 139 Mass. 195. *Commonwealth* v. *Haffer*, 279 Mass. 73. If the prices are correctly stated on the signs, which do not conform to the statute, yet that does not prevent them from contributing to the result that the statute seeks to eliminate. Isolated facts, separately considered, cannot give more than a partial view of the situation. It is only by observing the facts in the setting in which they are found that their true import and significance may be properly determined. An act, innocuous in itself, may be so intimately connected with a practice that tends to injure the general public that it may be restricted so as to avoid such a result. *Commonwealth* v. *Libbey*, 216 Mass. 356. The manufacture, sale and transportation of an article, which is not injurious to health, may be prohibited if the nature of the article is such that it may be palmed off for a more wholesome and expensive article. *Powell* v. *Pennsylvania*, 127 U. S. 678. *A. Magnano Co.* v. *Hamilton*, 292 U. S. 40. *United States* v. *Carolene Products Co.* 304 U. S. 144. As the judgment of the Legislature, that the regulation of the price signs will prevent deception to the public, cannot be pronounced irrational, the individual citizen cannot substitute his judgment for it and show that the signs, which he maintains contrary to the terms of the statute, do not mislead the public. He must conform to the statutory standard. *Commonwealth* v. *Schaffner*, 146 Mass. 512. *Commonwealth* v. *Russell*, 162 Mass. 520. *Commonwealth* v. *Pear*, 183 Mass. 242; affirmed *sub nomine Jacobson* v. *Massachusetts*, 197 U. S. 11. *Commonwealth* v. *Wheeler*, 205 Mass. 384. *Commonwealth* v. *Phelps*, 210 Mass. 109. *Commonwealth* v. *Moore*, 214 Mass. 19.

*Bill dismissed with costs.*