IN THE MATTER OF MAX WALDO COHEN.

Suffolk.   November 15, 1927. — January 3, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Attorney at Law*, Disbarment, Code of legal ethics, Advertising.   *Supreme Judicial Court.   Constitutional Law*, Freedom of the press.

While codes of legal ethics adopted by bar associations have no statutory force, they are illuminating as showing views entertained by organizations of members of the bar concerning the tests of proper conduct for those charged with the important functions of attorneys admitted to practice within the courts, and commonly are recognized by bench and bar alike as establishing wholesome standards of professional conduct. Per RUGG, C.J.

An attorney at law admitted to practise at the bar in the Commonwealth properly may be found, in a proceeding under G. L. c. 221, § 40, as amended by St. 1924, c. 134, to have been guilty of professional misconduct, and be ordered suspended from practice for three months, if it appears that he has solicited business by an advertisement in a Boston newspaper reading as follows: "Advice free in legal matters; specialist marriage troubles; all cases; reliable; confidential; reasonable terms."

At the hearing of a petition for disbarment of the attorney at law for professional misconduct in the publication of the advertisement above described, it was proper for the court to refuse to rule: "The respondent has the same right and liberty to advertise his profession for the purpose of obtaining business as any other person or individual in the Commonwealth, and the only requirement or limitation upon said right is that the respondent should not deceive any individual or the public generally in so advertising."

At the hearing above described, it was proper for the court to refuse to rule that a canon of the Massachusetts Bar Association providing that "solicitation of business by circulars or advertisements or by personal communications or interviews not warranted by personal relations is unprofessional" violates art. 12 of the Declaration of Rights of the Commonwealth and the Fourteenth Amendment to the Federal Constitution.

PETITION, filed by the Bar Association of the City of Boston in the Supreme Judicial Court for the county of Suffolk on July 21, 1926, and afterwards amended, seeking action by the court upon conduct of Max Waldo Cohen, an attorney at law.

The allegations of the petition as amended were in substance that Cohen, admitted to the bar of Massachusetts in

1902, had "been guilty of professional misconduct" in three publications of advertisements, the last of which, in a newspaper in Boston after the filing of the petition, is quoted in the opinion. The petition also set out a portion of Canon 28 of the Canons of Professional Ethics of the Massachusetts Bar Association and of the Bar Association of the City of Boston, which is quoted in the opinion. The respondent by his answer admitted the publications but claimed "the right to advertise and solicit business by circulars or advertisements, or by personal communications or interviews, notwithstanding the alleged Canon No. 28 set forth in paragraph 2 of the petition, and that the said Canon 28 has no application to your respondent, as your respondent is not a member of the Bar Association of the City of Boston, and is therefore not bound by any of the rules or regulations of the said Association."

Frederic H. Chase, Esquire, was appointed by the court under the provisions of G. L. c. 221, § 40, as amended by St. 1924, c. 134, to conduct the proceedings.

The matter was heard by *Braley*, J. The respondent asked for, and the single justice refused to make, the following rulings:

"4. The respondent has the same right and liberty to advertise his profession for the purpose of obtaining business as any other person or individual in the Commonwealth, and the only requirement or limitation upon said right is that the respondent should not deceive any individual or the public generally in so advertising.

"5. Upon all the evidence, the petition does not state any case within the jurisdiction of the court over this respondent.

"6. The Canon No. 28 of the Bar Association of the City of Boston prohibits all advertising or soliciting of business by an attorney at law. This Canon violates the liberty secured to the respondent by the Constitution of Massachusetts, Article 12, as well as violates the Fourteenth Amendment of the Federal Constitution, and is therefore illegal and void."

The finding and order of the single justice are quoted in the opinion. The respondent alleged exceptions.

*P. H. Kelley,* for the respondent.

*F. H. Chase,* specially appointed under St. 1924, c. 134.

RUGG, C.J. This is a proceeding designed to bring to the attention of the court for its disciplinary action professional misconduct of an attorney at law. A single justice upon a hearing "found that the respondent had been guilty of professional misconduct" and ordered "that he be suspended from the office of attorney at law in the courts of this Commonwealth, and from practising as an attorney at law therein, for the term of three months." The respondent's exceptions to the refusal to give three requests for rulings bring the case here.

The substance of the charges of unprofessional conduct is that the respondent, being an attorney at law admitted to practice in this Commonwealth, solicited business by advertisements inserted in several Boston newspapers, one being in these words: "ADVICE FREE in legal matters; specialist marriage troubles; all cases; reliable; confidential; reasonable terms. WHITE'S LAW OFFICE, 333 Washington St., Room 828." It is provided in the canons of ethics of the Massachusetts Bar Association and of the Bar Association of the City of Boston that "solicitation of business by circulars or advertisements, or by personal communications or interviews, not warranted by personal relations, is unprofessional."

This court as a part of its inherent jurisdiction is vested with authority to investigate the conduct of attorneys at law and to remove them from office absolutely or to suspend them for a stated period if found guilty of conduct in any respect unbecoming the high standard of propriety which ought to be maintained by all members of the legal profession. "The court, by reason of the necessary and inherent power vested in it to control the conduct of its own affairs and to maintain its own dignity, has a summary jurisdiction to deal with the alleged misconduct of an attorney." *Boston Bar Association* v. *Casey,* 211 Mass. 187, 192. *Boston Bar Association* v. *Greenhood,* 168 Mass. 169, 183. *O'Connell, petitioner,* 174

Mass. 253, 262.  *Matter of Carver*, 224 Mass. 169, 172.  Codes of legal ethics adopted by bar associations of course have no statutory force.  They are illuminating as showing views entertained by organizations of members of the bar concerning the tests of proper conduct for those charged with the important functions of attorneys admitted to practice within the courts.  They are commonly recognized by bench and bar alike as establishing wholesome standards of professional action.  It has long been a part of the ethics of lawyers that the solicitation of clientage by advertisements such as that here disclosed is contrary to sound practice.  That has been the consensus of opinion manifested both by writers on legal ethics and by the standards maintained by the great mass of the profession.  "Ethics of the Legal Profession" by Orrin N. Carter, for many years a justice of the Supreme Court of Illinois, page 59.  Fortunately, cases of this nature in the courts have been rare.  There are, however, decisions on the point.  *Matter of Neuman*, 169 App. Div. (N.Y.) 638, 641.  *Matter of Schwarz*, 175 App. Div. (N.Y.) 335, 343, 344.  *Matter of Schwarz*, 195 App. Div. (N.Y.) 194; affirmed in 231 N. Y. 642.  In the last cited case, concerning a canon of professional ethics like that in the present record, even in a dissenting opinion occurs this language at page 644: "The profession has ever discountenanced as undignified and indecorus the conduct of the lawyer who blatantly advertises for business as those engaged in trade may do without exciting unfavorable criticism.  Attorneys are officers belonging to courts and subject to their control and discipline . . . .  Advertising or soliciting business is censurable as a form of self-laudation unbecoming the traditions of a high calling.  The canon thus incorporates in the Code of Ethics an ideal standard of conduct which has been long and well recognized and upheld in theory both by bench and bar.  The attorney who disregards the rule is properly subject to rebuke if not to disbarment."  In *People* v. *MacCabe*, 18 Col. 186, 188, it was said: "The ethics of the legal profession forbid that an attorney should advertise his talents or his skill as a shopkeeper advertises his wares."  The foundation on which this principle of conduct rests is that attorneys at

law practice a profession; they do not conduct a trade.   It is incompatible with the maintenance of correct professional standards to employ commercial methods of attracting patronage.   Advertising such as that disclosed on this record is commonly designed to stimulate public thought and challenge popular attention to the end that the business of the advertiser may be increased.   It has always been regarded as contrary to sound public policy for an attorney at law to foment litigation or to instigate law suits.   Advertising for divorces has been almost universally condemned and frequently has been stamped as criminal by the enactment of statutes.   See G. L. c. 208, § 43, and cases collected in 9 Am. L. R. 1500.   Solicitations and advertisements as to divorce differ in point of professional propriety little, if any, from that set forth in the case at bar.

Moreover, the advertisement of this respondent was under a name not his own which, so far as appears, he had no right to use.   That of itself has been held to be conduct justifying discipline by the court.   *Matter of Kaffenburgh*, 188 N. Y. 49, 55.

The arguments of the respondent founded chiefly upon freedom of the press seem to us quite wide of the mark.   Conditions may limit the exercise of constitutional rights.   *McAuliffe* v. *Mayor & Aldermen of New Bedford*, 155 Mass. 216, 220.   Whatever may be his constitutional rights, a member of the bar must conduct himself as an officer of the court in such manner as not to offend against reasonable rules of propriety established by the court for the general welfare.   Courts are solicitous for the rights of one duly admitted to practise law.   *Matter of Sleeper*, 251 Mass. 6, 18, 19.   They owe an equal duty to see to it that the public interests are conserved by observance on the part of lawyers of proprieties indicative of a due appreciation of their responsibilities to the court and to the community, even though purely selfish tendencies and profit may be thereby restrained.   No constitutional liberty of the attorney at law is infringed by the enforcement of the rule of professional conduct observed by the court in the case at bar.

It follows that the requests for rulings, all based upon the

theory that advertising for business by a member of the bar
is lawful and does not justify disciplinary action by the
courts, were refused rightly and that the order for temporary
suspension from practice was warranted.

*Exceptions overruled.*