GEORGE A. WINCH *vs.* REGISTRAR OF MOTOR VEHICLES & another.

Suffolk.    February 8, 1956. — June 5, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Motor Vehicle,* "Points." *Declaratory Judgment*. *Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Declaratory proceeding.

A suit in equity under G. L. (Ter. Ed.) c. 231A against the registrar of motor vehicles and the commissioner of insurance by one showing merely that he had been assessed three "points" in connection with the operation of his motor vehicle under c. 90A, inserted by St. 1953,

c. 570, § 1, did not present any controversy between the plaintiff and the commissioner of insurance after the enactment of St. 1956, c. 51, repealing the entire system of insurance "surcharges" under c. 90A, and did not present any such substantial controversy between the plaintiff and the registrar of motor vehicles as to entitle the plaintiff, without having pursued his administrative remedies, to a declaratory decree respecting the constitutionality of the remaining provisions of c. 90A; and relief should be refused under § 3 of c. 231A.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on October 4, 1955.

The suit was reserved and reported by *Counihan,* J.

*Sidney S. von Loesecke,* (*Joseph L. Shea* with him,) for the plaintiff.

*Edward F. Mahony,* Assistant Attorney General, (*Samuel H. Cohen,* Assistant Attorney General, with him,) for the defendants.

QUA, C.J. This is a bill in equity praying for a declaratory decree under G. L. (Ter. Ed.) c. 231A to the effect that G. L. (Ter. Ed.) c. 90A, inserted by St. 1953, c. 570, § 1, is unconstitutional, and for consequential relief. The defendants are the registrar of motor vehicles and the commissioner of insurance. They have demurred on the ground that the plaintiff's remedy is under the State administrative procedure law, G. L. (Ter. Ed.) c. 30A, inserted by St. 1954, c. 681, § 1.

Chapter 90A sets up a system of "points" to be charged against registrants and licensees of motor vehicles for the evaluation of their operating records and the determination of their continuing qualification for registration and for operating licenses according to "a graduated scale of points assigning relative values in accordance with the seriousness thereof to each of the matters relating to the operating record of such registrants and licensees which by law are required to be reported to the registrar or the reporting of which is provided for by law." § 5. The registrar is to establish "a schedule of the penalties to be imposed as a consequence of the accumulation of points" charged against such registrants and licensees, which schedule is to include warnings, conferences, and suspensions and revocations of

licenses.   § 6.   The number of points "indicated in the scale of points" is to be charged against the "operating record" of the operator and also against the operating record of the owner, if the vehicle was operated with his express or implied consent.   The points charged are not to be admissible in evidence in any proceeding at law or in equity.   § 7.   See also § 7A, inserted by St. 1955, c. 417, limiting in some respects the assessment of points against owners who are not themselves operating.   There are provisions for a hearing before the registrar or his representative, § 8, and for appeal to the board of appeal on motor vehicle liability policies and bonds.   § 9.

The bill alleges that on June 30, 1955, the plaintiff was driving with a load of lumber when a piece became loose, extended over the side of his truck, and hit a person who was getting out of the left door of his automobile, "breaking the skin on the knuckle of his hand."   For this, after filing the accident report required by law, the plaintiff was assessed three points according to item "02" on the scale established by the registrar for being "At fault in accident causing minor bodily injury."

The consequential relief now pertinent for which the plaintiff prays is that the registrar revoke the assessment of the three points against the plaintiff.

The posture of this case is now quite different from what it was when the bill was filed on October 4, 1955.   At that time, in addition to the provisions for merit rating hereinbefore described, c. 90A set up a system of "surcharges" under which the plaintiff could be compelled to pay $6 extra per point per year on each liability policy or bond for a period of approximately four years.   This entire system of "surcharges" has now been repealed by St. 1956, c. 51, leaving only the merit rating of c. 90A still in effect. Section 11 relating to the recording of points upon licenses was repealed by St. 1956, c. 201.   Because the plaintiff's license period expired shortly before the points were assessed against the plaintiff he concedes that he has not

actually been subjected to any "surcharge" and none can now be imposed upon him.

All that can now possibly affect the plaintiff is. the three points in the merit rating in relation to the schedule of so called penalties required to be established by the registrar under § 6. There is nothing in the record to show that such a schedule has been established, but if we must presume that one had been, there is nothing to show what it is. There is nothing to show that any penalty is imposed for three points, or that if one is imposed for three points it is any more than the warning or the conference referred to in § 6 as penalties to be included in the schedule of penalties. At most it is difficult to see how the condition of the plaintiff is materially worse with what is left of c. 90A than it would be if the provisions of c. 90 relative to the suspension or revocation of registrations and licenses, particularly those of § 22, stood alone. Under that section the registrar has long exercised wide power to suspend and revoke licenses and registrations.

It is certain that the plaintiff no longer has any "actual controversy" with the commissioner of insurance, and we are of opinion that until he can show some more imminent danger of harm he has no such substantial controversy with the registrar that without exercising his right of administrative appeal he can require the court to pass upon the constitutionality of what is left of c. 90A. There is no occasion to consider the demurrer separately, since the result would be the same whatever action might be taken on the demurrer.

For the reasons just stated the court refuses to render a declaratory decree. G. L. (Ter. Ed.) c. 231A, § 3. *National Shawmut Bank* v. *Morey*, 320 Mass. 492, 497–498. *Burn* v. *McAllister*, 321 Mass. 660, 662.

*Bill dismissed without prejudice
and without costs.*