HOWARD P. SILVERMAN *vs.* BOARD OF REGISTRATION IN
OPTOMETRY.

Suffolk. February 6, 1962. — April 9, 1962.

Present: SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Optometry. Regulation. Constitutional Law,* Optometry, Delegation of
powers, Police power, Due process of law. *Words,* "Practice of
optometry."

G. L. c. 112, § 67, providing that the board of registration in optometry
shall make rules and regulations governing "the practice of optometry"
consistent with the provisions of §§ 66–73, empowered the board to
adopt a regulation that "No optometrist shall conduct the practice of
his profession in or on premises where a commercial or mercantile
establishment is the primary business being conducted"; regulation of
the practice of optometry by the board under § 67 is not limited to
matters pertaining to the acts described in the definition of such practice
in § 66. [130–132]

Nothing in G. L. c. 112, § 73B, dealing with two specific evils in connection
with the practice of optometry, is inconsistent with a delegation, as in
§ 67, to the board of registration in optometry of power to further regu-
late the practice of optometry. [132]

A regulation of the board of registration in optometry under G. L. c. 112,
§ 67, that "No optometrist shall conduct the practice of his profession
in or on premises where a commercial or mercantile establishment is the
primary business being conducted," was not an exercise of an exclusively
legislative power which could not constitutionally be delegated by the
Legislature. [132]

A regulation of the board of registration in optometry under G. L. c. 112,
§ 67, that "No optometrist shall conduct the practice of his profession
in or on premises where a commercial or mercantile establishment is the
primary business being conducted," was a proper exercise of the police
power not precluded by arts. 1, 10 and 12 of the Declaration of Rights
of the Massachusetts Constitution, and was valid as applied to a reg-
istered optometrist whose office was on premises admittedly within its
terms. [133–135]

The wisdom of a regulation of a public board is not a subject for judicial
inquiry. [135]

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on October 25, 1961.

The suit was reserved and reported by *Spalding, J.*

*Daniel O. Mahoney, (Robert J. McGee* with him,) for the plaintiff.

*Herbert E. Tucker, Jr.,* Assistant Attorney General, for the Board of Registration in Optometry.

*James D. St. Clair & Daniel H. Silver,* for Massachusetts Society of Optometrists, amicus curiae, submitted a brief.

SPALDING, J.  The plaintiff seeks in this declaratory proceeding a determination of the validity of a regulation promulgated by the Board of Registration in Optometry. The case is before us on a report, without decision, of a single justice.  All of the facts alleged in the plaintiff's bill are admitted by the defendant, and the parties have stipulated that these are "all the material facts from which the rights of the parties are to be determined."

The plaintiff is a registered optometrist authorized to practise optometry in this Commonwealth.  The defendant is the board created by G. L. c. 13, § 16.  On September 1, 1961, the plaintiff entered into a lease with G. E. M. of Boston, Inc. (hereinafter called Gem), under the terms of which he was to occupy a portion of Gem's premises for use as an office for the practice of optometry.  The proposed office is on premises where Gem conducts a "commercial or mercantile establishment."  This establishment is the primary business conducted on the premises.  A regulation (No. 17) promulgated by the defendant in 1951 provides, "No optometrist shall conduct the practice of his profession in or on premises where a commercial or mercantile establishment is the primary business being conducted."  A controversy having arisen between the parties as to the validity of this regulation, the plaintiff brought this bill for declaratory relief.  G. L. c. 30A, § 7.  G. L. c. 231A.

I.

The plaintiff contends that the rule making power conferred on the board by G. L. c. 112, § 67, does not include the power to prohibit an optometrist from conducting his practice on premises where a commercial or mercantile establishment is the primary business being conducted.

Section 67 provides that "The board shall make rules and regulations governing its procedure, governing registration and applications therefor, and governing *the practice of optometry.* Said rules and regulations shall be consistent with the provisions of sections sixteen to eighteen, inclusive, of chapter thirteen and sections sixty-six to seventy-three, inclusive, of this chapter" (emphasis supplied). The plaintiff argues that the meaning of the words, "practice of optometry," must be found in § 66, wherein it is stated: "The practice of optometry, as referred to in sections sixty-seven to seventy-three, inclusive, is hereby defined to be the employment of any method or means, other than the use of drugs, for the diagnosis of any optical defect, deficiency or deformity of the human eye, or visual or muscular anomaly of the visual system, or the adaptation or prescribing of lenses, prisms or ocular exercises for the correction, relief or aid of visual functions." It is the plaintiff's position that the definition of "practice of optometry" in § 66 narrows the delegation of rule making power in § 67 to matters concerning the acts performed by optometrists relative to their patients, and concerning persons who are entitled to perform such acts. We do not agree. Sections 66 through 73B of c. 112 are entitled "Registration of Optometrists." These statutes are concerned with the registration of optometrists (§§ 68, 69, 70, 71), and certain unlawful practices (§§ 72, 72A, 73A, 73B). By § 67 authority is given to the board to make certain further regulations. It was necessary that the profession of optometry, as distinguished from the roles of the optician and ophthalmologist, be clearly defined so that there would be no doubt as to whom these sections were applicable. This we view to be the sole purpose of § 66. "Practice of optometry," as used in § 67, should, we think, be read without being limited by § 66. To restrict the delegation of rule making power in the manner suggested by the plaintiff would mean that the board (aside from regulations governing its procedure, registration, and applications therefor) was limited to making regulations concerning how the op-

tometrist actually diagnoses and corrects his patients' visual faculties. It is hardly likely that the Legislature intended such a result.

It is urged by the plaintiff that the language of G. L. c. 112, § 73B (inserted by St. 1938, c. 434, § 3), and its legislative history show that the Legislature reserved to itself the power to regulate geographical location of optometrists' offices by preëmpting the field. For reasons presently appearing, we are of opinion that the challenged regulation did not exceed the authority granted to the board in § 67. Section 73B reads, in part: "No person shall practice optometry on premises not separate from premises whereon eyeglasses, lenses, or eyeglass frames are sold by any other person; nor shall any person practice optometry under any lease, contract or other arrangement whereby any person, not duly authorized to practice optometry, shares, directly or indirectly, in any fees received in connection with said practice of optometry." The latter part of the statute, involving a prohibition of the practice of optometry by a registered optometrist where fees are shared with an unregistered person or corporation, was discussed in *Kay Jewelry Co.* v. *Board of Registration in Optometry*, 305 Mass. 581. See *McMurdo* v. *Getter*, 298 Mass. 363. The first part of § 73B prohibits direct alliances between optometrists and dispensing opticians. See Rep. A. G., Pub. Doc. No. 12, 1938, pp. 85–86. Section 73B deals with two specific evils. There is nothing in § 73B, or in its legislative history, which is inconsistent with a delegation to the board of the power to further regulate the practice of optometry.

We find no merit in the plaintiff's contention that the power exercised by the board in regulation No. 17 is an exclusively legislative power which cannot constitutionally be delegated. See *Ritholz* v. *Indiana State Bd. of Registration & Examination in Optometry*, 45 F. Supp. 423, 435 (D. C. Ind.); *Bennett* v. *Indiana State Bd. of Registration & Examination in Optometry*, 211 Ind. 678, 687; *Abelson's, Inc.* v. *New Jersey State Bd. of Optometrists*, 5 N. J. 412, 423–424.

## II.

The constitutionality of the regulation in question is challenged here on the ground that it is not within the police power of the Commonwealth to so limit the plaintiff's right to engage in his lawful occupation.[1]  That the practice of optometry may be regulated by requiring examination and registration is not open to dispute. *Commonwealth* v. *Houtenbrink,* 235 Mass. 320. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145. *McMurdo* v. *Getter,* 298 Mass. 363.  And the legislature may regulate advertising in connection with the sale of eyeglasses, lenses, or frames. *Commonwealth* v. *Ferris,* 305 Mass. 233.  We have held that a prohibition of the practice of optometry by a registered optometrist where fees are shared with a person not authorized to practise optometry is constitutional. *Kay Jewelry Co.* v. *Board of Registration in Optometry,* 305 Mass. 581. Extensive regulation of the practice of optometry has been upheld against constitutional attack in other jurisdictions. Statutes and regulations restricting advertising by optometrists have been held to be valid. *Klein* v. *Department of Registration & Educ.* 412 Ill. 75, 81–85.  See *Abelson's, Inc.* v. *New Jersey State Bd. of Optometrists,* 5 N. J. 412, 420–421.  Similar restrictions concerning advertising in other professions have been upheld. *Commonwealth* v. *Brown,* 302 Mass. 523 (dentist). *Matter of Cohen,* 261 Mass. 484 (attorney). *Semler* v. *Oregon State Bd. of Dental Examrs.* 294 U. S. 608 (dentist).  In the case last cited it was said at page 612: "[T]he community is concerned in providing safeguards not only against deception, but against practices which would tend to demoralize the profession by forcing its members into an unseemly rivalry which would enlarge the opportunities of the least scrupulous."  A provision barring the issuance of more than two branch office

---

[1] The plaintiff rests his argument solely on the Massachusetts Constitution, Declaration of Rights. He concedes that the regulation does not violate the Fourteenth Amendment to the Federal Constitution. We quote from his brief: "Because of the extent of the Supreme Court's deference to the judgment of the States in matters of economic regulation, counsel do not believe a substantial question is raised in this case under the Fourteenth Amendment."

registration certificates to one licensee was held constitutional in *Abelson's, Inc.* v. *New Jersey State Bd. of Optometrists,* 5 N. J. 412, 421–422.  See generally 98 A. L. R. 905 and 22 A. L. R. 2d 929.

While the challenged regulation does not in terms constitute a prohibition on advertising by optometrists, we are of opinion that a restriction against locating in premises with a primarily commercial enterprise is closely related to such a prohibition.  The board could conclude that the presence of an optometrist in a commercial establishment of the sort operated by Gem would create the same evil as would advertising, i.e., mercantile practices resulting in lowered professional standards.[2]  In both instances it is the public who suffer.

In *Williamson* v. *Lee Optical of Oklahoma, Inc.* 348 U. S. 483 (revg. sub nom. *Lee Optical of Oklahoma, Inc.* v. *Williamson,* 120 F. Supp. 128, 142–143), an Oklahoma statute[3] similar to that under consideration was held constitutional by the United States Supreme Court.  It was there said, "It seems to us that this regulation is on the same constitutional footing as the denial to corporations of the right to practice dentistry.  *Semler* v. *Dental Examiners, supra,* at 611.  It is an attempt to free the profession, to as great an extent as possible, from all taints of commercialism. . . . [I]t may be deemed important to effective regulation that the eye doctor be restricted to geographical locations that reduce the temptations of commercialism.  Geographical location may be an important consideration in a legislative program which aims to raise the treatment of the human eye to a strictly professional level.  We cannot say that the regulation has no rational relation to that objective and therefore is beyond constitutional bounds."  P. 491.  We

---

[2] Despite what was said in *Wyeth* v. *Cambridge Bd. of Health,* 200 Mass. 474, 480, the regulation stands on the same footing as would a statute, ordinance, or by-law, and all rational presumptions are made in favor of its validity.  *Druzik* v. *Board of Health of Haverhill,* 324 Mass. 129, 138.

[3] "No person, firm, or corporation engaged in the business of retailing merchandise to the general public shall rent space, sub-lease departments, or otherwise permit any person purporting to do eye examination or visual care to occupy space in such retail store."

are of opinion that a different result is not required under arts. 1, 10, and 12 of the Declaration of Rights of the Constitution of this Commonwealth. See *Loring* v. *Commissioner of Pub. Works,* 264 Mass. 460, 465.

The plaintiff argues that a case may be imagined where an optometrist is located in a building occupied primarily by a bank, which is clearly a commercial enterprise. Under the regulation, it is urged, this could not be done. But it is impossible, so runs the argument, to advance any rational reason for believing that such a situation could endanger the public health or welfare. Whether the regulation would be constitutional as so applied is a question which does not concern the plaintiff; as applied to the facts in the present case, the regulation is valid. *Commonwealth* v. *Brown,* 302 Mass. 523, 526. *Yazoo & Miss. Valley R.R.* v. *Jackson Vinegar Co.* 226 U. S. 217, 219–220. *Gorieb* v. *Fox,* 274 U. S. 603, 606.

Finally, it is argued that the proposed plan to locate an optometrist in a department store is of benefit to the public in terms of greater convenience. That may be so, but it is not within our province to pass upon the wisdom of the challenged regulation. See *Kay Jewelry Co.* v. *Board of Registration in Optometry,* 305 Mass. 581, 583; *McQuade* v. *New York Cent. R.R.* 320 Mass. 35, 40.

A decree is to be entered declaring that regulation No. 17 is valid.

*So ordered.*