FRANKLIN FAIR ASSOCIATION, INC. *vs.* SECRETARY OF THE COMMONWEALTH
(and three companion cases).

Suffolk. February 4, 1964. — February 28, 1964.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Corporation,* Charitable corporation, Charter, Certificate, Dissolution. *Secretary of the Commonwealth. Practice, Civil,* Order for judgment. *Equity Jurisdiction,* Declaratory relief, Proceeding against Commonwealth. *Equity Pleading and Practice,* Parties, Declaratory proceeding. *Constitutional Law,* Dissolution of corporation, Delegation of powers. *State Administrative Procedure Act.*

An entry "Petition denied" on a petition for a writ of mandamus was to be treated as an order for judgment. [112–113]

The Commonwealth was not a necessary party or the real party in interest in a suit in equity for declaratory relief by a charitable corporation against the Secretary of the Commonwealth involving the issues whether the plaintiff had properly filed certificates under G. L. c. 180, § 26A, and whether its charter had been properly revoked under § 26A, and the suit was not barred on the ground that such a suit does not lie against the Commonwealth. [113]

Franklin Fair Association, Inc. *v.* Secretary of the Commonwealth.

A demurrer to the bill in a suit in equity for declaratory relief should not be sustained and the bill dismissed on the ground that the plaintiff cannot prevail on the merits; a declaratory decree determinative of the merits should be entered.   [113]

The bill in a suit in equity by a charitable corporation against the Secretary of the Commonwealth for declaratory relief on the issues whether the plaintiff had properly filed certificates under G. L. c. 180, § 26A, and whether the plaintiff's charter had been properly revoked under § 26A was not demurrable on the ground that a declaratory decree would not terminate the controversy.   [114]

In the circumstances, the Secretary of the Commonwealth properly revoked the charter of a charitable corporation under G. L. c. 180, § 26A, where it appeared, among other things, that the corporation, having failed to file with the Secretary the certificates required by § 26A for eight consecutive years and having received a ninety day delinquency notice from him, about a year after the notice filed certificates for the eight years which were accepted by him, but subsequently submitted for filing amended and corrected certificates for the eight years, whereupon the Secretary promptly declined to accept the amended and corrected certificates and returned them with the filing fees to the corporation, and, without further delinquency notice, notified the corporation that its charter was void.   [114–117, 118]

A charitable corporation has no right under G. L. c. 180, § 26A, or c. 30A, § 13, or any constitutional right, to a hearing by the Secretary of the Commonwealth prior to revocation of its charter for failure to file certificates as required by § 26A, and is not entitled to a judicial review of the revocation under c. 30A.   [117–118]

The Legislature could properly delegate to the Secretary of the Commonwealth the power to revoke the charter of a charitable corporation for failure to file certificates as required by G. L. c. 180, § 26A.   [117]

BILL IN EQUITY filed in the Superior Court on March 4, 1963.

PETITION for review filed in that court on March 22, 1963.

PETITION for a writ of certiorari filed in that court on May 22, 1963.

PETITION for a writ of mandamus filed in that court on May 22, 1963.

The suit in equity and the certiorari proceeding were heard on demurrers, and the mandamus proceeding on a statement of agreed facts, by *Meagher, J.*   The proceeding for review was heard on a demurrer by *Lurie, J.*

*Robert F. McCormick (William F. Byrne* with him) for Franklin Fair Association, Inc.

*James W. Bailey,* Assistant Attorney General, for the Secretary of the Commonwealth.

WILKINS, C.J. These four cases by Franklin Fair Association, Inc. (the Fair) against the Secretary of the Commonwealth (the Secretary) have been consolidated for purposes of appeal. They are: (1) a bill for declaratory relief under G. L. c. 231A; (2) a petition under the State Administrative Procedure Act, G. L. c. 30A, to review the action of the Secretary in revoking the Fair's charter; (3) a petition for a writ of certiorari for the same purpose; and (4) a petition for a writ of mandamus to order the Secretary (a) to accept the Fair's "reports" for the years 1954 to 1962, inclusive, required by G. L. c. 180, § 26A,[1] and (b) to issue a certificate of the Fair's corporate existence.

To the bill for declaratory relief the Secretary demurred on two grounds: (1) that the Fair had failed to state a case presenting a controversy proper for determination; and (2) that a declaratory decree, if entered, would not terminate the controversy. After hearing the demurrer was sustained on both grounds, and the Fair appealed. From a final decree dismissing the bill the Fair appealed.

To the petition under the State Administrative Procedure Act the Secretary demurred on the ground that the petition failed to state grounds for judicial review under G. L. c. 30A. The Fair appealed from an interlocutory decree sustaining the demurrer and from a final decree dismissing the petition.

To the petition for a writ of certiorari the Secretary demurred on the grounds that (1) the matters contained in the petition are insufficient in law; and (2) those matters have already been decided in the first two cases. After hearing the demurrer was sustained, and the Fair appealed.

The petition for a writ of mandamus was heard on a statement of agreed facts. An entry was made on the peti-

---

[1] Section 26A (as amended through St. 1957, c. 698, § 17) bears the title "Filing of Annual Returns by Certain Corporations." The words "return" and "report" do not appear in the body of the statute, which requires that each charitable corporation "shall annually, on or before November first, prepare and submit to the state secretary a certificate which shall be signed and sworn to by its president and treasurer . . . and a majority of its directors," stating the name of the corporation, the location of its principal office, the date of the last preceding annual meeting, and the names and addresses of all the officers and directors with the dates of expiration of their terms.

tion: "Petition denied by the Court." This is to be treated as an order for judgment. *Klier* v. *Building Inspector of Lawrence,* 333 Mass. 111, 112–113. The Fair appealed.

In the bill for declaratory relief the demurrer was sustained on both grounds quoted above. The Secretary argues that the Commonwealth is a necessary party. We do not agree. The controversy is between the Fair and the Secretary and raises the definite questions whether its certificates were properly filed and whether its charter has been properly revoked. These issues are not within the holding of *Executive Air Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356. See *Sheridan* v. *Gardner, ante,* 8, 10. This case is similar to a number of bills for declaratory relief which have been decided by this court where the controversy was between some State official or agency and another as to the construction of statutes or the powers of the official or agency. *Saint Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467. *Treasurer of Worcester* v. *Department of Labor & Indus.* 327 Mass. 237. *Insurance Co. of No. America* v. *Commissioner of Ins.* 334 Mass. 108. *Winch* v. *Registrar of Motor Vehicles,* 334 Mass. 271. *Gildea* v. *Commissioner of Correction,* 336 Mass. 48. *Stow* v. *Commissioner of Corps. & Taxn.* 336 Mass. 337. *Sun Oil Co.* v. *Director of the Div. on the Necessaries of Life,* 340 Mass. 235. *Silverman* v. *Board of Registration in Optometry,* 344 Mass. 129. *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass. 695. *Hynson, Westcott & Dunning, Inc.* v. *Commissioner of Pub. Health,* 346 Mass. 606.

Other suggestions in the Secretary's brief seem to relate to aspects of the merits of the controversy which ought to be decided by a binding declaration rather than to be refused determination by sustaining a demurrer. "Ordinarily a demurrer cannot properly be sustained to a bill for a declaratory decree on the ground that the court does not agree with the proposition for which the plaintiff contends. Usually a declaratory decree should be made in any event." *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 333 Mass. 405,

406.   Neither is this a situation where a declaratory decree would not terminate the controversy, as in *Harvey Payne, Inc.* v. *Slate Co.* 342 Mass. 368, 370, and *Weinstein* v. *Chief of Police of Fall River,* 344 Mass. 314, 317.   See G. L. c. 231A, § 3, which contains a requirement, not observed in the court below, that the reasons for refusal on that ground should be stated in the record.   Holdings one way or the other upon the filing of the certificates and the revocation of the Fair's charter would terminate the controversy.

Unlike the *Weinstein* case there would remain no discretionary acts to be performed by the Secretary.   Both parties are in agreement that the Secretary's function in accepting the certificates for filing is clerical.   See *Arnold* v. *Commissioner of Corps. & Taxn.* 327 Mass. 694, 701.

The demurrer to the bill for a declaratory decree should have been overruled.   We now turn to the statement of agreed facts which by its terms is applicable to any of the four cases considered on the merits.

The Fair was organized as a charitable corporation pursuant to G. L. c. 180 on November 24, 1944.   Certificates as required by G. L. c. 180, § 26A, were filed with, and accepted by, the Secretary with respect to each year from 1944 to 1953, inclusive.[1]   The Secretary sent to the Fair a letter dated January 8, 1962, entitled "Notice of Dissolution," which stated that the records of his office indicated that the Fair "has filed its last annual report on None Filed."   The letter went on to say that the Fair had failed to comply with G. L. c. 180, § 26A, and gave "notice that unless said certificates are filed with this office within 90 days,.the charter of said corporation will be revoked by this office."   By letter dated April 17, 1962, the Secretary's office notified the Fair that no annual reports had been filed for the years from 1945 to 1961, inclusive.   This letter purported to be in receipt of a letter from the Fair dated February 12, 1962, the contents of which are not given.

On January 14, 1963, the Fair filed with the Secretary nine certificates, required by § 26A, covering the years from

---

[1] This general statement, which omits dates of filing, is to be read with later agreed facts which contain such dates.

1954 to 1962, inclusive, and paid a filing fee of $5 each. These were accepted by the Secretary. On January 15, 1963, the Secretary certified that the Fair "was a duly organized and existing corporation." On February 27, 1963, the Fair forwarded to the Secretary for filing eight amended and corrected certificates for the years 1954 through 1961[1] with filing fees of $5 for each certificate.

On February 28, 1963, at 4 P.M. the Fair's former president was notified by telephone that at 2 P.M. on March 1, 1963, the Secretary would hold a hearing on the revocation of the Fair's corporate charter. At the hearing the Fair was represented by counsel. The Fair requested that the Secretary consider the amended and corrected certificates. The Secretary denied the request on the ground that the purpose of the hearing was to consider the validity of the certificates originally filed.

On March 6, 1963, the Fair received notice of the Secretary's decision declaring its corporate charter void and of no further effect on the ground that the Fair had failed for two successive years to file the certificates "in proper form" as required by § 26A. On the same day the Fair also received a letter stating that the Secretary's office declined to accept the amended and corrected certificates submitted for filing on February 27, and returning the documents and the Fair's check for filing fees. Later the Fair received a draft of the State Treasurer dated March 28 in the amount of $40 as a refund of the fees of certificates filed on January 14.

The Fair contends that the Secretary lacked power to revoke the charter after accepting for filing its annual certificates on January 14, 1963. Reliance is also placed upon the fact that on January 15, 1963, the Secretary certified that the Fair was a validly organized and existing corporation. The Secretary's revocation was based upon the following provision of G. L. c. 180, § 26A: "If the corporation fails to submit its certificate for two successive years, the state secretary shall give notice thereof by mail, postage prepaid, to such corporation in default. Failure of such

---

[1] We were informed at the arguments that the report for 1962 was accepted.

corporation to submit the required certificates within ninety days after the notice of default has been given shall be sufficient cause for the revocation of its charter by the state secretary.''

The Fair's contention does not take into consideration the fact that on February 27, 1963, the Fair sent to the Secretary for filing eight amended and corrected certificates for the years 1954 through 1961. This action made on its own motion was an admission that those previously filed were deficient in some respect or respects not shown by the record.

The Fair also argues that the Secretary did not give the ninety day notice of default required by § 26A. On January 8, 1962, there was such a notice, which seemed to state that no annual certificates had ever been filed since the date of incorporation in 1944. There was no response to this notice until the Fair's letter of February 12, 1962, the contents of which we do not know, but which was acknowledged by the Secretary's office on April 17, 1962, in a letter which stated that no certificates were filed for the years 1945 to 1961. The Fair, so far as the record discloses, did nothing until the certificates for 1954 through 1962 were filed on January 14, 1963. Based on this finding and the Secretary's certificate, which was issued on the following day, the Fair takes the position that it then became entitled to another ninety day notice. The argument is that the notice of January 8, 1962, was defective ''in that it erroneously advised that no certificates were on file for any year of the corporation's existence.'' Any such error would be immaterial. The Fair was in default on its certificates for at least two successive years. Nothing in the statute supports the contention that a new notice of delinquency was required after January 14, 1963. If the certificates then filed had been proper, there would have been no delinquency on which to base a proper new notice. But we now know that the certificates were admittedly erroneous. There could have been no waiver by the Secretary, unless he had knowledge of some defect or inadequacy. *Commonwealth* v. *Tenth Mass. Turnpike Corp.* 11 Cush. 171, 176–178.

Fletcher, Cyc. Corporations (Perm. ed.) § 8088. This, however, does not appear. It was his duty to receive the certificates if apparently regular on their face. Section 26A contains the provision: "The state secretary shall examine such certificate, and if he finds that it conforms to the requirements of this chapter he shall, upon payment of a fee of five dollars, file the same in his office." See *Arnold* v. *Commissioner of Corps. & Taxn.* 327 Mass. 694, 701. As soon as he acquired knowledge that something was wrong, he returned the amended certificates and filing fees.

There is no requirement in G. L. c. 180, § 26A, that the Secretary grant a hearing, and the Fair had no constitutional right to one. See *Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615, 617. Revocation is provided after failure to file and notice given. This would normally be a simple routine involving no quasi-judicial problem. The prescribed procedure is a reasonable method of dealing with the subject matter to which it is addressed. The procedure, moreover, is deliberate. In similar situations where the Legislature intended to limit the powers of the Secretary, it has done so in express terms. G. L. c. 155, § 50A (as amended through St. 1962, c. 750, § 12); c. 156, § 50 (as amended through St. 1962, c. 750, § 29); c. 158, §§ 38, 42 (as amended through St. 1962, c. 750, §§ 38, 41).

The dissolution of corporations, like their creation, is primarily and fundamentally a matter of legislative cognizance. *Russell Box Co.* v. *Commissioner of Corps. & Taxn.* 325 Mass. 536, 539. *Rizzuto* v. *Onset Cafe, Inc.* 330 Mass. 595, 597–598, and cases cited. The Legislature could properly delegate the power to revoke a charter to the Secretary, who would be in the best possible position to know whether the certificates required by law have been filed. A limited power to revoke a corporate charter for failure to file reports has been upheld elsewhere. See Fletcher, Cyc. Corporations (Perm. ed.) § 7997, notes 71–73. See also *Estel* v. *Midgard Inv. Co.* 46 S. W. 2d 193, 195–196 (Mo. Ct. App.).

The question whether the Fair was entitled under the State Administrative Procedure Act to a review of the Sec-

retary's action is readily disposed of by G. L. c. 30A, § 13, inserted by St. 1954, c. 681, § 1, which defines "license" as including "charter" and provides that no license shall be revoked without a hearing except "Where the revocation . . . is based solely upon failure of the licensee to file timely reports . . . as required by any law or by regulation." We need not refer to other questions under c. 30A, such as whether the Secretary is an "agency" or whether he was conducting an "adjudicatory proceeding."

In the suit for declaratory relief under G. L. c. 231A, the interlocutory decree sustaining the demurrer is reversed, the final decree is reversed, and a new decree is to enter declaring that the plaintiff's charter was properly revoked. In the case under the State Administrative Procedure Act, G. L. c. 30A, the interlocutory decree sustaining the demurrer is affirmed and the final decree dismissing the petition is affirmed. In the proceeding for a writ of certiorari the order sustaining the demurrer is affirmed, and judgment is to be entered for the respondent. In the proceeding for a writ of mandamus the order for judgment is affirmed.

*So ordered.*